## CIRCUIT COURT OF LOUDOUN COUNTY

George Washington University

   v.

Loudoun County

December 16, 1993

Case No. (Law) 14366

BY JUDGE THOMAS D. HORNE

This case is before the Court on cross motions for summary judgment. Plaintiff asserts that the assessments by the County of a 47.61 acre parcel owned by the University are violative of Article X, § 6, of the Constitution of Virginia and § 58.1–3606 of the Code of Virginia. It contends that it is a not-for-profit educational institution and therefore is entitled to an exemption from real estate taxes on the parcel for the years 1990 and 1991.

The George Washington University acquired title to the parcel on January 16, 1990. The parcel was part of a larger tract owned by the Washington Engineering Associates Limited Partnership. As part of the rezoning application by Washington Engineering of the larger 576 acre tract, proffers were submitted and approved by the County which required as a condition of approval that Washington Engineering donate the university site for the establishment of a campus devoted to graduate education and research. Any such conveyance to the University would contain restrictive covenants limiting the use of the approximate 50 acre site to:

> academic, educational, and research and development purpose[s], including related support services, conducted under the auspices of, or in conjunction with, a university or a university-affiliated program; including the construction of

campus buildings, recreational facilities, parking and other facilities incidental thereto.

Construction of a 70,000 square foot building was commenced on the site in mid-July, 1990. Construction of the building was financed through tax-exempt bonds issued by the Industrial Development Authority of Loudoun County. The deed and deed of correction conveying the property to the University contained restrictive covenants limiting the use of the property to educational purposes. The George Washington University is a not-for-profit educational institution chartered by Act of Congress.

In determining whether certain property is exempt from taxation, the Court is guided by the rule of strict construction found in Article X, § 6, of the Constitution of Virginia. While prior to the 1971 amendments to the Constitution, the rule of liberal construction would apply, the Court finds that under either rule, the plaintiff is entitled to summary judgment as to taxes on the subject parcel for 1991. While the property has been assessed for that year, no bill has been sent to the taxpayer.

A university, such as the plaintiff, must prepare in advance for a reasonable expansion of its campus. *Hanover County v. Trustees of Randolph-Macon College*, 203 Va. 613 (1962). This is particularly true of the site which is under consideration. Surrounded by a mixed use development in a newly-developed area, without a campus, consideration of costs and market would limit any growth. In the interim, the campus itself is limited by covenant to uses for which an exception might be granted.

However, the Court agrees with the position taken by the County with respect to tax year 1990. As the Attorney for the County has noted, in making an assessment, the value of a parcel subject to tax is determined by the "snapshot" approach of a looking to the tax date (in this case, January 1, 1990). Thus, the status of the owner, as well as of the property, is fixed as of that date, with the exception of those taxpayers for which the General Assembly has expressly permitted proration. § 58.1–3360, et seq., Code of Virginia. See, 1982–1983 Att'y Gen. Ann. Rep., 529, 530. The University may not claim an exception from taxation for that year as it is not among those entitled to proration.

Accordingly, the Court will grant summary judgment to the County with respect to the 1990 taxes on the parcel and dismiss the Motion for

Judgment as to such taxes. It will grant the Motion for Summary Judgment of the taxpayer with respect to the 1991 taxes, finding that there remain no facts genuinely in dispute which would require this Court to find other than that the entire fifty-acre college campus is exempt from taxation.